```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE
```

PERNELL L. DAVIS,                :
                                 :
         Plaintiff,              :
                                 :
    v.                           :   Civil Action No. 03-131-JJF
                                 :
WARDEN THOMAS CARROLL, et al.,   :
                                 :
         Defendants.             :
                                 :

---

Pernell L. Davis, Pro Se Plaintiff.

Ophelia Michelle Waters, Esquire, of DEPARTMENT OF JUSTICE, Wilmington, Delaware.
Attorney for Defendants.

---

## MEMORANDUM OPINION

September 27, 2005
Wilmington, Delaware

*Joseph J. Farnan Jr.*
Farnan, District Judge.

Pending before the Court is Defendants' Motion To Dismiss (D.I. 35). Plaintiff Pernell L. Davis, an inmate at Delaware Correctional Center ("DCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. In his Amended Complaint, Plaintiff alleges that Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment through the use of excessive force against Plaintiff and deliberate indifference to his medical needs. (D.I. 19). In response, Defendants filed the instant Motion To Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' Motion to Dismiss will be denied.

I.  BACKGROUND

By his Amended Complaint (D.I. 19), Plaintiff alleges that on September 18, 2002, correction officers hit Plaintiff on the head as he was coming out of the dining hall. (D.I. 19 at 1). Plaintiff further alleges that Defendant Deputy Warden McGuigan witnessed the attack and wished to have him "stitched up" despite "skull and brain matter on the floor." (Id.). As a result of this incident, Plaintiff alleges that he is going blind, experiences pain in various parts of his body, and has no use of his left arm and leg. (Id. at 2). On two occasions, Plaintiff claims to have heard other correction officers refer to the

1

attack and to the fact that Defendant McGuigan didn't do a good enough job taking Plaintiff out. (Id. at 3,4). Plaintiff also alleges that he has been denied medication, and his repeated requests for medical assistance have been ignored. (Id. at passim). Finally, Plaintiff claims that twice in January 2003, Defendant Correction Officers McGee and Giles harmed him while he was handcuffed. (Id. at 4). Plaintiff contends that Defendant Sergeant Rutkowski witnessed one of the incidents but did nothing to help Plaintiff and stated that Defendant McGuigan didn't know "how to do anything right." (Id. at 4).

In response to Plaintiff's Complaint, Defendants contend that on September 18, 2002, Plaintiff was playing cards at a table when another inmate began beating him in the head with a broom handle. (D.I. 35 at 2). According to Defendants, they acted immediately, calling an ambulance in which Plaintiff was taken to Christiana Hospital. (Id.). Defendants also contend that Plaintiff was given further treatment in the infirmary and that he is now housed in another facility for his own safety. (Id. at 2-3).

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a party may move to dismiss a pleading for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve

2

disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). As such, when considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). However, the court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183 (citing Mescall v. Burrus, 603 F.2d 1266, 1269 (7th Cir. 1979)). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 368-69 (3d Cir. 1993), cert. denied, 114 S. Ct. 1219 (1994). Thus, a court may dismiss a complaint when the facts pleaded and the reasonable inferences drawn therefrom are legally insufficient to support the relief sought. See Pennsylvania ex rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 179 (3d Cir. 1988).

### III. DISCUSSION

In order to establish a claim under Section 1983, a plaintiff must show: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a federally secured right. Moore v.

3

Tartler, 986 F.2d 682, 685 (3d Cir. 1993). By his Complaint, Plaintiff alleges that the use of excessive force by correction officers and Defendants' deliberate indifference to his medical needs violate his Eighth Amendment right to be free from cruel and unusual punishment.

By their Motion, Defendants request dismissal of Plaintiff's Complaint based upon (1) the failure to state a claim upon which relief may be granted, (2) the failure to establish supervisory liability, (3) qualified immunity, and (4) sovereign immunity under the Eleventh Amendment. Th Court will consider each of Defendants' arguments in turn.

> A. <u>Whether Plaintiff has sufficiently stated a claim that correction officers used excessive force so as to violate his Eighth Amendment right to be free from cruel and unusual punishment</u>

The standard for determining whether the correction officers' conduct violated the Eighth Amendment is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986) (citations omitted). Among the factors to consider in applying this standard are the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, the threat reasonably perceived by the responsible officials and the efforts made to

temper the severity of a forceful response. <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992)(citing <u>Whitley</u>, 475 U.S. at 321).

Accepting Plaintiff's allegations as true, the Court concludes that Plaintiff's Complaint alleges facts sufficient to state a claim under the Eighth Amendment based on the use of excessive force. Plaintiff specifically alleges that Defendants McGee and Giles harmed him on two different occasions while he was handcuffed. (D.I. 19 at 4). Plaintiff also alleges that unnamed correction officers deliberately hit him in order to provoke a response. (Id. at 1). Although these officers are not identified as Defendants in this action, Plaintiff has alleged facts sufficient to state a claim for supervisory liability based on the use of excessive force by Defendants' subordinates. (<u>See</u> <u>infra</u> Part C). Accordingly, the Court concludes that Plaintiff's claims are sufficient to withstand dismissal at this juncture, and therefore, Defendants' Motion to Dismiss will be denied.

    B.   <u>Whether Plaintiff has sufficiently stated a claim that Defendants demonstrated deliberate indifference to his medical needs so as to violate his Eighth Amendment right to be free from cruel and unusual punishment</u>

In addition to Plaintiff's excessive force claim, Plaintiff also alleges a claim for violation of the Eighth Amendment based on the failure to provide adequate medical treatment. In order to establish an Eighth Amendment claim for the denial of medical treatment "a prisoner must allege acts or omissions sufficiently

5

harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference is demonstrated by "the deliberate deprivation of adequate medical care or the defendant's action or failure to act despite his or her knowledge of a substantial risk of serious harm." Pew v. Connie, 1997 WL 717046, *4 (E.D. Pa. Nov. 14, 1997). Mere negligence in diagnosing or treating a medical complaint does not state a claim of deliberate indifference to a prisoner's medical needs. Id. (citations omitted). Rather, deliberate indifference requires a showing that the official acted willfully or with a subjective recklessness. Id. (citing Farmer v. Brennan, 511 U.S. 825, 842 (1994)).

Accepting the allegations in Plaintiff's Complaint as true, the Court concludes that Plaintiff has alleged sufficient facts to state a claim based on the failure to provide adequate medical treatment. Plaintiff alleges that Defendant McGuigan wanted to just "stitch him up" when he was hit in the head by correction officers. (D.I. 19 at 2). Plaintiff further alleges that it was only on the insistence of a nurse that an ambulance was even called. (Id.). After receiving treatment for his head injuries, Plaintiff alleges that he was moved from the infirmary despite needing more medical treatment. (Id. at 3). Plaintiff also alleges that no one came to check on him for several days after he underwent brain surgery and that correction officers ignored

6

his repeated requests for medical attention. (Id.).

In the Court's view, these allegations are sufficient to demonstrate a pattern of deliberate indifference to Plaintiff's medical needs for the purpose of withstanding a motion to dismiss. Accordingly, the Court will deny Defendants' Motion To Dismiss Plaintiff's claim based on inadequate medical care.

C. Whether Defendants can be held liable in their supervisory roles

Defendants contend that, even if Plaintiff has stated a claim for relief, the Complaint should be dismissed because supervisory liability is unavailable in a Section 1983 action. Supervisory liability cannot be imposed under Section 1983 based on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). For a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)(citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)). Additionally, the Third Circuit has held that a supervisory official may be held liable where the supervisor had actual knowledge of or acquiesced in the complained of conduct. Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir.

7

1997). "Where a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so, the factfinder may usually infer that the supervisor 'acquiesced' in (i.e., tacitly assented to or accepted) the subordinate's conduct." Id.

Reviewing Plaintiff's allegations in light of the applicable law and taking these allegations as true, the Court concludes that Plaintiff has sufficiently stated a claim for supervisory liability. Plaintiff alleges that Defendants planned for the dining hall beating to occur and encouraged Plaintiff to act out so they could "beat [him] down." (D.I. 19 at 1). Plaintiff also alleges that Defendant McGuigan watched while correction officers hit Plaintiff in order to provoke a response and that Defendants took no action to stop this attack or punish those who harmed him. (Id. at 1,4). Plaintiff also alleges that Defendant Rutkowski stood by as Defendants McGee and Giles harmed Plaintiff while he was handcuffed. (Id. at 4). In the Court's view, Plaintiff's allegations, if true, demonstrate that as supervisory officials, Defendants knew of and/or acquiesced in the alleged violation of Plaintiff's rights and were deliberately indifferent to Plaintiff's plight.

In addition, the Court concludes that Plaintiff's allegations, if true, demonstrate deliberate indifference to

Plaintiff's medical needs. Plaintiff alleges that Defendants were aware of the beating Plaintiff sustained, his repeated requests for medical attention, and his subsequent brain surgery, yet Defendants took inadequate and/or insufficient measures to attend to his medical needs. Accordingly, the Court concludes that Plaintiff's allegations are sufficient, at this juncture, to state a claim of supervisory liability based on excessive force and the denial of adequate medical care, and therefore, the Court will deny Defendants' Motion To Dismiss.

D. <u>Whether Defendants are shielded from liability under the doctrine of qualified immunity</u>

A public official is entitled to qualified immunity if the official's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Good v. Dauphin County Soc. Servs. For Children and Youth</u>, 891 F.2d 1087, 1092 (3d Cir. 1989). A court confronted with a claim of qualified immunity must consider, first, whether the facts alleged, when taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). If not, the inquiry ends, and the officer is entitled to qualified immunity. <u>Id</u>. If, however, a constitutional violation could be alleged when viewing the injured party's allegations favorably, the Court must next

9

consider whether the right was clearly established. Id. For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Knowledge of general concepts, however, is not enough. Rather, the "inquiry must be undertaken in light of the case's specific context, not as a broad general proposition." Saucier, 533 U.S. at 201-02.

Because the Court has concluded that Plaintiff has alleged an Eighth Amendment violation, the Court turns to the second consideration: whether the right was clearly established. Thus, the Court must determine whether a reasonable person in Defendants' position would have understood that he or she was violating Plaintiff's Eighth Amendment rights. Defendants claim that "a reasonably well-trained correctional official would not know that the actions they took violated Plaintiff's constitutionally protected interest, nor would they realize that their actions were other than rationally related to furthering the legitimate penological interests of maintaining security, order and discipline." (D.I. 35 at 11). The Court concludes, however, that accepting Plaintiff's version of the facts, reasonable officials would have known that their conduct violated Plaintiff's rights. Accordingly, the Court concludes, at this juncture, that Defendants are not shielded from liability under

10

the doctrine of qualified immunity.

    E.   <u>Whether Plaintiff's action is barred by sovereign immunity under the Eleventh Amendment</u>

It is well-established that Section 1983 claims for compensatory and punitive monetary damages against a state or a state official in his official capacity are barred by the Eleventh Amendment of the United States Constitution. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 66 (1989). As for state officials in their official capacities, the Supreme Court has further recognized that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." <u>Id.</u> at 71 (citations omitted). "In a suit against state officials in their 'personal' capacity, however, where the plaintiff seeks recovery from the personal assets of the individual, the state is not the real party in interest; the suit is therefore not barred by the Eleventh Amendment." <u>Melo v. Hafer</u>, 912 F.2d 628, 635 (3d Cir. 1990).

Here, Plaintiff alleges that Defendants are liable in their individual capacities and does not seek compensation from the State. Accordingly, the Court concludes that Plaintiff's suit is not barred by sovereign immunity under the Eleventh Amendment.

11

## IV. CONCLUSION

For the reasons discussed, Defendants' Motion to Dismiss (D.I. 35) will be denied.

An appropriate Order will be entered.